IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lois Bolen Steen, | ) Civil Action No.: 4:13-3027-BHH |
|                     Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Carolyn W. Colvin,<br>Acting Commissioner of Social<br>Security, | ) |
|                     Defendant. | ) |

The plaintiff, Lois Bolen Steen ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling.

On January 16, 2015, the magistrate judge issued a Report and Recommendation in which he determined that he could not determine that the Commissioner's decision was based on substantial evidence. (ECF No. 26 at 22.) Accordingly, the magistrate judge recommended reversing and remanding the Commissioner's decision. *Id.* The Commissioner filed Objections, on February 2, 2015 (ECF No. 28), and the plaintiff filed a reply (ECF No. 30). For the reasons stated below, the Court cannot adopt the Report and Recommendation and affirms the decision of the Commissioner.

## FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. The plaintiff filed an application for SSI alleging a disability onset date of January 1, 2006. (R. at 44.) The plaintiff's application was denied initially and on reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who issued an unfavorable decision on August 17, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 44-52.) The Appeals Council denied the plaintiff's request for review (R. at 1-3), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on November 6, 2013. (ECF No. 1.)

## REPORT AND RECOMMENDATION

The magistrate judge recommends reversing and remanding the ALJ's decision. (ECF No. 26 at 22.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no

objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **STANDARD OF REVIEW**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court

3

disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The defendant filed objections to the Report and Recommendation ("Objections") on February 2, 2015 (ECF No. 28). The magistrate judges recitation of the applicable law is thorough and accurate and the undersigned would not repeat it here.[1]

As the plaintiff notes, the defendant has only objected to the magistrate judge's determination as to the ALJ's consideration of the plaintiff's borderline age situation at Step Five of the sequential evaluation process. (ECF No. 28 at 1.) But, the objection is effective. The magistrate judge found that "[g]iven the borderline age situation and the disability finding when using the older age category, the ALJ should have decided whether it was more appropriate to use the higher age category or the claimant's chronological age." (ECF No. 26 at 20-21.) The ALJ indicated the plaintiff's age and applicable regulations but did not make an express discussion as to which age category the plaintiff belongs. (R. at

---

[1] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

51.) The defendant contends the legal and factual recitation is enough. The plaintiff complains that a more express evaluation was required.

The magistrate judge made a thorough and fair review of the diversity of opinions among the circuits regarding what is required of an ALJ at Step Five in borderline age situations. The conclusion is well-reasoned and in harmony with the large majority of disctrict court opinions within the Fourth Circuit, including this one. (See R&R at 19-20.) The undersigned simply agrees with it. Explanation is required on whether or not a claimant should be considered in a higher age category, beyond simply a citation to applicable regulations. It is essential to effective review. *See Phillips v. Astrue*, 671 F.3d 699, 707 (8th Cir.2012).

Even still, the defendant contends that the error is harmless. The Commissioner argues that both the ALJ's consultation of a vocational expert to prove transferability of work skills and a lack of vocational adversities show that the ALJ properly applied the Medical Vocational Guidelines ("Grid Rules"). The defendant is correct. Even if the plaintiff qualified for the higher age category, the ALJ found in the alternative that her work skills were transferable. (R. at 51-52.) The higher age category Grid Rule requires *non-*transferability (Rule 202.06 - individual of advanced age with skilled or semi-skilled work experience and no transferable skills). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2. The plaintiff has not challenged the transferability determination.

And, the cases, cited by the plaintiff, as authority for the proposition that additional reliance on VE testimony does not absolve this error with respect to the assessment of the plaintiff's age, are inapposite to the issue here. None of these cases involve situations where the vocational expert concluded work skills were transferrable, as occurred in this

5

case. *See, e.g., Hofler v. Astrue*, WL 2013 442118, at *8 (E.D. Va. Jan. 9, 2013) (finding unpersuasive the defendant's argument that lack of vocational adversities and use of Vocational Expert shows ALJ properly applied the Grids where VE found skills non-transferable); *Pickett v. Astrue*, 895 F. Supp. 2d 720, 724 (E.D. Va. 2012) (finding vocational expert testimony does not relieve ALJ from performing proper analysis where Grid Rules non-dispositive); *Anderson v. Astrue*, 2011 WL 2416265, at *14, (N.D. Ill. Jun. 13, 2011) (involving reliance upon VE where Grid Rules non-dispositive). In other words, the VE testimony in these cases did not also disqualify the plaintiff from satisfying a separate requirement of the applicable Grid Rule, apart from age, as occurred here with respect to the transferability issue. The oversight as to the borderline age situation is, therefore, indeed harmless.

Likewise, the propriety of the Step Five analysis mutes any concern over the ALJ's mischaracterization of her past relevant work. The ALJ found, alternatively, that other jobs exist in the national economy, which she can perform. (R. at 52.)

The Court would briefly address the plaintiff's other bases for appeal, which were not considered in the first instance, for the magistrate judge's recommendation regarding Steps Four and Five. The plaintiff contends that the ALJ erred in evaluating the opinion of Nurse Practitioner Patricia Weaver and the testimony of the plaintiff's friend, Donna Johnson. (Pl. Brief at 6-10.) Firstly, the plaintiff contends that the ALJ's explanation that she did not give any weight to Nurse Weaver's opinion because it was "inconsistent with the medical evidence of the record" was insufficient, arguing that the ALJ did not adequately identify the inconsistencies. (Pl. Brief. at 6-8; R. at 49.) However, the ALJ summarized the objective medical findings she relied on in assessing the plaintiff's RFC,

6

clearly identifying the medical evidence she found to be inconsistent with Nurse Weaver's opinion, including the examination findings of three physicians. (R. at 49-51.)

The fact that the ALJ's consideration may be gleaned from the entirety of the decision and not simply in the precise paragraph where Nurse Weaver's name appears is of no moment. As the Court regularly reminds, as a matter of prose, it is essentially impossible to do two things simultaneously – conclude and explain your conclusion. As a syntactical necessity, the ALJ must separate his decision into narrative paragraphs, which must all be read together. Headings do not matter. *See Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001) (finding that an ALJ must discuss and evaluate evidence supporting step three finding, but need not do so under a particular heading). The mere presence of phrasings that are conclusory in their terms does not taint an otherwise effective and thorough analysis, made across the entirety of the decision. Namely, in this case, the very next paragraph, wherein consultant examinations are cited as necessarily inconsistent with Nurse Weaver's view. (R. at 49-50.) The ALJ considers at length other portions of the record not in keeping with Nurse Weaver's opinion. (R. at 50-51, 228, 230, 232, 262, 290-91, 365, 376-77.) There is no failure to explain as the plaintiff alleges.

Likewise, the ALJ committed no error in her consideration of Donna Johnson's testimony. The plaintiff challenges the ALJ's statement that Johnson's testimony "does not establish that the Claimant is disabled, since she is not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms, the accuracy of the information provided was questionable." (Pl. Brief at 8-9 (quoting R. at 50).) The Court disagrees that this consideration is improper. *See* SSR 06-03p, 2006 WL 2329939, at *6

(listing "any other factors that tend to support or refute the evidence" as a proper consideration for an ALJ in evaluating an opinion from a "non-medical source," such as a friend).

Moreover, the ALJ cited other rationale, namely, that Johnson's testimony was inconsistent with the evidence of record. The plaintiff rejects this view and emphasizes that Johnson's testimony was, not surprisingly, consistent with the plaintiff's own allegations. (R. at 50.) The plaintiff also contends that Johnson's testimony is consistent with the opinion of Nurse Weaver and the report of the nephrologist, to whom Nurse Weaver referred the plaintiff. (R. at 364, 376-377). Of course, all of these are opinions diminished by the ALJ and, therefore, are not rehabilitative of the value of Johnson's. And, as briefly detailed above, the ALJ had other evidence of record, inconsistent with the above, sufficiently substantial to justify his determination. There is no error.

The plaintiff has also contested the ALJ's failure to mention the testimony of the VE as to certain hypotheticals posed, which was favorable to her claim of disability. But, that allegation of error presupposes that the ALJ agreed that such limitations, reflected in those hypotheticals, were consistent with the plaintiff's actual RFC. She did not. And, the plaintiff has not undermined that RFC assessment. The ALJ found that the plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for six hours in an eight-hour workday, sit for six hours in an eight-hour workday, and occasionally climb ramps and stairs, occasionally stoop, kneel, crouch and crawl, and frequently balance, but never climb ladders, and should avoid concentrated exposure to extreme temperatures and irritants such as fumes. (R. at 48.) The ALJ properly incorporated the plaintiff's limitations in her hypothetical question, and the VE testified that the plaintiff could

still perform work existing in significant numbers in the national economy, including the positions of a marker, folder, and ticket seller. (R. at 87.)  There is no error in the consideration of the VE's hypothetical testimony.

## **CONCLUSION**

Respectfully, the Court cannot concur in the ultimate recommendation of the Magistrate Judge but incorporates the law and facts herein by reference to the extent not inconsistent with this order.  The decision of the Commissioner to deny benefits is, therefore, AFFIRMED.

**IT IS SO ORDERED**.

/s/Bruce Howe Hendricks
United States District Judge

March 11, 2015
Greenville, South Carolina

9