IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| LOIS BOLEN STEEN, ) | |
| ) | No. 4:13-cv-3027-BHH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **Opinion and Order** |
| CAROLYN W. COLVIN, ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on a motion to amend the Court's March 11, 2015 judgment, which affirmed Defendant Commissioner of Social Security's ("Commissioner") decision. Claimant Lois Bolen Steen ("Plaintiff") contends that the Court's judgment should be amended pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because the Court made a clear error of fact or law. Commissioner has filed a response in opposition to Plaintiff's motion. For the reasons set forth below, the Court grants Plaintiff's motion.

## **BACKGROUND**

Plaintiff filed an application for Supplemental Security Income ("SSI") on June 24, 2010, alleging disability beginning on January 1, 2006. She later amended her alleged disability onset date to June 24, 2010. The Social Security Administration ("the Agency") denied her application initially and on reconsideration. After a hearing held on July 11, 2012, Administrative Law Judge ("ALJ") Peggy McFadden-Elmore determined that Plaintiff was not disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied further review.

1

Plaintiff filed this action for judicial review on November 6, 2013. On May 21, 2014, she filed a brief seeking remand for further proceedings. Commissioner responded to Plaintiff's brief on July 1, 2014. On January 16, 2015, Magistrate Judge Thomas E. Rogers, III, issued the Report and Recommendation ("R & R"), recommending that the Commissioner's decision be overturned and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g). In the R & R, the Magistrate Judge found that the ALJ committed two errors: (i) the ALJ improperly found that Plaintiff could perform her past relevant work as a fast food *worker* at step four of the analysis—Plaintiff's past relevant work was actually as a fast food *cook*, which falls under a heavier work category;[1] and (ii) the ALJ failed to properly evaluate Plaintiff's borderline age situation in accordance with the Medical-Vocational Guidelines ("Grids") at step five,[2] rendering the ALJ's error at step four not harmless.[3] (ECF No. 26.) Commissioner objected to the Magistrate Judge's step five determination, arguing that "any error in the ALJ's discussion of the borderline age issue was harmless where

---

[1] The Dictionary of Occupational Titles ("DOT") classifies employment as a fast food worker as light work and employment as a fast food cook as medium work. *See* DOT 311.472-010; 313.374-010.

[2] The regulations provide that "[w]e will not apply the age categories mechanically in a borderline situation. If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." C.F.R. § 416.963(b).

[3] The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by her residual functional capacity) and her vocational capabilities (age, education, and past work experience) to adjust to a new job. *See* 20 C.F.R. § 404.1520; *Hall v. Harris*, 658 F.2d 260, 264–65 (4th Cir. 1981). The claimant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

2

Plaintiff failed to present evidence of additional vocational adversities meriting application of a higher age category." (ECF No. 28 at 2.)

On March 11, 2015, after reviewing Commissioner's objection to the R & R, the Court did not adopt the Magistrate Judge's R & R and instead affirmed the Commissioner's decision. (ECF No. 32.) The Court found that the ALJ's mischaracterization of Plaintiff's past relevant work was harmless because the ALJ alternatively found that Plaintiff could perform other "light work" jobs existing in the national economy. (*Id.* at 6.) The Court further held that because the ALJ found that Plaintiff's work skills were transferable, any error made at step five in evaluating Plaintiff's borderline age was harmless. (*Id.* at 5.) The Court noted here that "[t]he higher age category Grid Rule requires *non*-transferability (Rule 202.06—individual of advanced age with skilled or semi-skilled work experience and no transferable skills)." (*Id.* (citing 20 C.F.R. § Pt. 404, Subpt. P, App. 2).)

On March 18, 2015, Plaintiff filed the instant motion to amend the Court's judgment. Commissioner opposed the motion on April 6, 2015, to which Plaintiff filed a reply on April 15, 2016. The matter has been fully briefed and is ripe for the Court's review.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. Though the rule does not provide a standard under which a district court may grant such motions, the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a

clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403 (internal citation omitted); *Wright v. Conley*, No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). "Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court." *Singletary v. Beazley Ins. Co.*, No. 2:13-cv-1142, 2013 WL 6850147, at *2 (D.S.C. Dec. 30, 2013) (citing *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005)), *aff'd*, 585 F. App'x 177 (4th Cir. 2014).

Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (citation and internal quotations omitted). Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion.").

## DISCUSSION

In the instant motion, Plaintiff does not argue there has been an intervening change in controlling law nor does she present new evidence; therefore, the only questions are whether the Court's Order was based on a clear error of law or would result in a manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403. Plaintiff argues that the Court should reconsider its previous Order because the basis on which the Court found

4

the ALJ's error at step five to be harmless was incorrect—namely, the ALJ did not find that Claimant's work skills were transferable. (ECF No. 2–5.)

As Plaintiff notes, the Court relied on the ALJ's "transferability determination" to find that any error made by the ALJ at step five was harmless. (ECF No. 32 at 5.) However, Plaintiff is indeed correct that the ALJ did not find Claimant's work skills to be transferable. Accordingly, the Court committed a clear error of fact in this respect. Commissioner, however, argues that this error does not warrant reconsideration because "substantial evidence supports the ALJ's step-five finding." (ECF No. 36 at 2.) She cites out of circuit case law for the proposition that where a claimant does not present the vocational adversities necessary to warrant the application of a higher age category, and the ALJ consulted a Vocational Expert ("VE") to establish job availability, the ALJ need not explicitly discuss the claimant's age categorization. (*Id.*)

Notably, the Magistrate Judge provided an extensive and thorough discussion of the various circuit courts' findings on whether the ALJ must explicitly address the borderline age issue, including those cases now cited by Commissioner. (ECF No. 21 at 18–19.) Recognizing that the Fourth Circuit has not addressed this issue, the Magistrate Judge then summarized the relevant decisions from district courts within this circuit. (*Id.* at 29–20.) It appears that the majority of district courts in the Fourth Circuit find some discussion of the borderline age issue necessary when the claimant is significantly close in age to the higher age category. *See, e.g., Hofler v. Astrue*, 2013 WL 442118, at *7 (E.D. Va. Jan. 9, 2013) (finding unpersuasive the defendant's argument that lack of vocational adversities and use of Vocational Expert shows ALJ properly applied the Grids where VE found skills nontransferable); *Harris v. Astrue*, No.

1:11-2442-TMC-SVH, 2012 WL 6761333, at *12–14 (D.S.C. Dec. 5, 2012), *aff'd*, 2013 WL 30140 (D.S.C. Jan. 3, 2013) (remanding where the ALJ "should have decided whether it was more appropriate to use the higher age category" but "[s]uch an analysis is absent from the record"); *Pickett v. Astrue*, 895 F. Supp. 2d 720, 725 (E.D. Va. 2012) (remanding because "[t]he greater weight of authority leads to the conclusion that the ALJ's failure to explicitly address the borderline age issue provides insufficient basis for review" where claimant was less than four months away from the higher age category); *Brown v. Astrue*, No. 3:07–2914–SB, 2009 WL 890116, at *12 (D.S.C. Mar. 30, 2009) (remanding where the ALJ failed to offer any analysis for applying the claimant's chronological age when claimant was four months shy of the higher age category); *Bush v. Astrue*, 2008 WL 867941, at *7–8 (S.D.W. Va. Mar. 28, 2008) (finding the Commissioner's decision was not supported by substantial evidence where the ALJ failed to explain his choice of age category when claimant was 116 days from a higher age category). *Compare Brown v. Astrue*, No. 0:11-229-TMC-PJG, 2011 WL 7092653, at *5 (D.S.C. Dec. 5, 2011), *aff'd*, 2012 WL 220235 (D.S.C. Jan. 24, 2012) (noting that while an ALJ must consider whether to use the older age category, "'an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category.'" (quoting *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010) (emphasis in original)).

Here, Plaintiff was less than a month from a higher age category at the time of the ALJ's decision, thereby bringing her within a borderline age situation. (ECF No. 26 at 20.); *see Bush v. Astrue*, 2008 WL 867941 (S.D.W.V. March 28, 2008) ("Generally, it appears that Claimants are in a borderline situation when they are about six months

from an older age category.") (collecting cases). In addition, if Plaintiff was categorized as an individual of advanced age, she would be considered disabled under the Grids applicable to light work. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2 (Rule 202.14 states that an individual of advanced age with skilled or semi-skilled work experience and no transferable skills is disabled). Accordingly, the Magistrate Judge appropriately concluded that "[a]bsent specific guidance from the Fourth Circuit, and considering the analyses provided by the district courts decisions in this circuit to have addressed this issue, . . . some analysis as to the borderline age issue would be appropriate." (*Id.* at 21.) The ALJ therefore erred at step five by failing to provide any analysis of Plaintiff's borderline age situation. Because Plaintiff's work skills are not transferable, this error was not harmless. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2; *Hofler*, WL 2013 442118, at *8. The ALJ's error at step five renders her erroneous finding at step four also not harmless.

Thus, remand is warranted so that the ALJ may conduct a proper analysis at steps four and five. On remand, the ALJ should also address Plaintiff's other allegations of error as stated in her brief (ECF No. 18).

## CONCLUSION

For the reasons set forth above, the court **GRANTS** Plaintiff's motion for amendment of judgment, ECF No. 35. The case is hereby remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further consideration as discussed above.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

February 11, 2016
Greenville, South Carolina

8